```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
GHOST IN THE MACHINE INC. D/B/A                             :
SNAKE NATION,                                               :
                                                            :
                            Plaintiff,                      :   22-CV-9270 (VSB)
                                                            :
            -against-                                       :       ORDER
                                                            :
PLANNED PARENTHOOD FEDERATION                               :
OF AMERICA, INC. and PLANNED                                :
PARENTHOOD GLOBAL, INC.,                                    :
                            Defendants.                     :
------------------------------------------------------------X
```

<u>VERNON S. BRODERICK, United States District Judge</u>:

I am in receipt of the parties' papers regarding the motion for a stay of discovery pending resolution of the motion to dismiss. Defendants seek a stay of discovery pending a ruling on their motion to dismiss, (Doc. 29-3, Defendants' Memorandum of Law in Support of Its Motion to Stay Discovery; *see also* Doc. 31, Defendants' Supplemental Letter), while Plaintiff wishes to proceed with discovery, (Doc. 32, Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Stay Discovery).

Under Federal Rule of Civil Procedure 26(c), a district court has "considerable discretion" to stay discovery upon a "showing of good cause." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018). Although "[g]ood cause may be shown where a party has filed a dispositive motion," *Boelter v. Hearst Commc'ns, Inc.*, No. 15 Civ. 03934 (AT), 2016 WL 361554, at *4 (S.D.N.Y. Jan. 28, 2016), "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed," *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (citation omitted). "In deciding whether to grant a stay, a court should consider the breadth of discovery sought and the burden

of responding to it, as well as the strength of the underlying motion." *Boelter*, 2016 WL 361554, at *4 (internal quotation marks omitted).  A stay is warranted where the moving party has set forth "substantial arguments for dismissal," or, put differently, "a strong showing that the plaintiff's claim is unmeritorious." *Hong Leong*, supra; *see also Bolter*, supra.

I find that Defendants have not made the requisite "strong showing that the plaintiff's claim[s] [are] unmeritorious." *Hong Leong*, supra.  However, Defendants have sufficiently demonstrated that engaging in full-fledged discovery while the motion is pending will pose a significant burden.

Accordingly, it is hereby:

ORDERED that Defendant's request for a stay of discovery is DENIED.

IT IS FURTHER ORDERED that the parties shall meet and confer about the scope of discovery pending my ruling on Defendant's motion to dismiss.  If they cannot come to an agreement, they may seek court intervention by submitting a joint letter in accordance with Rule 1 of my Individual Rules and Practices in Civil Cases.

SO ORDERED.

Dated:   October 4, 2023
         New York, New York

                                         Vernon S. Broderick
                                         United States District Judge