UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                              :
GHOST IN THE MACHINE INC. D/B/A               :
SNAKE NATION,                                 :
                                              :
                             Plaintiff,       :        22-CV-9270 (VSB)
                                              :
             -against-                        :        **OPINION & ORDER**
                                              :
PLANNED PARENTHOOD FEDERATION                 :
OF AMERICA, INC. and PLANNED                  :
PARENTHOOD GLOBAL, INC.,                      :
                                              :
                             Defendants.      :
----------------------------------------------------------- X
PLANNED PARENTHOOD GLOBAL, INC.,              :
                                              :
                    Counterclaim and          :
                    Third-Party Plaintiff,    :
                                              :
             -against-                        :
                                              :
KARL CARTER,                                  :
                                              :
                    Third-Party Defendant.    :
-----------------------------------------------------------X

Appearances:

Andrew M. Moskowitz
Javerbaum Wurgaft Hicks Kahn Wilkstrom & Sinins, P.C.
New York, NY
*Counsel for Plaintiff and Third-Party Defendant*

Brian S. Levinson
Richard A. Roth
The Roth Law Firm, PLLC
New York, NY
*Counsel for Defendants and Counterclaim and Third-Party Plaintiff*

VERNON S. BRODERICK, United States District Judge:

Before me is Planned Parenthood Global, Inc.'s ("PPG") Proposed Order to Show Cause for Default Judgment, (Doc. 99 ("Proposed OTSC")), Plaintiff Ghost In The Machine Inc. d/b/a Snake Nation's ("Snake Nation" or "Plaintiff") letter motion to stay the time to respond to PPG's counterclaims, (Doc. 92), and Snake Nation's letter motion to vacate the Clerk's certificate of default, (Doc. 96 ("Certificate of Default")), and for leave to file an answer to PPG's counterclaims, (Doc. 98). Because I find that Snake Nation has demonstrated "good cause" for the relief requested, Fed. R. Civ. P. 55(c), Snake Nation's letter motion to vacate the Certificate of Default and leave to file an answer to PPG's counterclaims, (Doc. 98), is GRANTED, and Snake Nation's motion to stay the time to respond, (Doc. 92), and PPG's Proposed OTSC, (Doc. 99), are DENIED as moot.[1]

## I.      **Factual and Procedural Background**[2]

On October 28, 2022, Snake Nation filed a complaint against Planned Parenthood Federation of America, Inc., and PPG (collectively, "Defendants"). (Doc. 1.) On December 9, 2022, Defendants filed a motion to dismiss. (Doc. 10.) Plaintiff filed its opposition to Defendants' motion to dismiss on January 6, 2023. (Doc. 15.) Defendants filed their reply in support of their motion to dismiss on January 18, 2023. (Doc. 16.) On January 21, 2025, I issued an Opinion & Order granting Defendants' motion to dismiss in part and denying Defendants' motion to dismiss in part. (Doc. 53.)

---

[1] Because motions for default judgment and motions to set aside default are resolved using the same standard, "a decision on one of the motions before me is determinative of the other." *Tverdy v. Metro Auto Body Inc.*, No. 20-CV-3153, 2020 WL 7343304, at *1 (E.D.N.Y. Dec. 14, 2020); *see also Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) (setting aside entry of default judgment and observing that the same factors apply to motion to oppose default judgment).

[2] I assume familiarity with the more complete factual and procedural background as thoroughly set out in my previous Opinion & Order on Defendants' motion to dismiss. (Doc. 53.)

After granting Defendants' extension requests to file a response to Plaintiff's complaint, (*see* Docs. 55, 57), Defendants filed their answer on March 5, 2025, as well as their counterclaims ("Counterclaims") against Snake Nation and their third-party claims ("Third-Party Claims") against Karl Carter ("Carter"), Snake Nation's CEO, on March 5, 2025.  (Doc. 66.[3]) The Counterclaims and Third-Party Claims contain six claims, three of which are against both Snake Nation and Carter and three of which are just against Snake Nation.  The six claims include:  (i) fraudulent inducement (against Snake Nation and Carter); (ii) willful misrepresentation (against Snake Nation and Carter); (iii) breach of contract (against Snake Nation); (iv) breach of implied covenant of good faith & fair dealing (against Snake Nation); (v) unjust enrichment (against Snake Nation); and (vi) unfair competition/misappropriation (against Snake Nation and Carter).  (*Id.* at 29–34.)

The same day that Defendants served their answer, Counterclaims, and Third-Party Claims, Plaintiff's counsel moved to withdraw as the attorney of record for Plaintiff.  (Doc. 68.) On March 19, 2025, I granted the motion to withdraw and ordered that the deadlines in the action be stayed for sixty days pending Plaintiff's retention of new counsel.  (Doc. 71.)  Plaintiff submitted four requests for extension of time to secure legal counsel, including requests on May 16, 2025, (Doc. 73), July 21, 2025, (Doc. 76), August 20, 2025, (Doc. 78), and September 15, 2025, (Doc. 80).  My memo endorsement on September 17, 2025 stayed the matter until October 6, 2025, and advised that further extension requests were unlikely to be granted barring extenuating circumstances.  (Doc. 82.)

---

[3] I note that Defendants filed the answer and PPG's Counterclaims and Third-Party Claims four times between February 28, 2025 and March 5, 2025, but the filings were rejected three times because of filing errors.  (*See* Docs. 58, 60, 62, 66.)

3

New counsel for Snake Nation and Carter filed a notice of appearance on September 25, 2025, (Doc. 83), and, four days later, filed a letter motion seeking a fifth extension of time to respond to the Counterclaims and Third-Party Claims on September 29, 2025, (Doc. 84).  After granting the extension request, (Doc. 85), Carter filed a motion to dismiss the Third-Party Claims on October 29, 2025, (Docs. 87–89).  Snake Nation did not respond to the Counterclaims against it.

On November 3, 2025, PPG filed a Proposed Clerk's Certificate of Default against Snake Nation because Carter only moved to dismiss the Third-Party Complaint against Carter, and Snake Nation did not respond to the Counterclaims against it.  (Doc. 94.[4])  On November 3, 2025, counsel for Snake Nation and Carter filed a letter motion seeking to stay Snake Nation's time to respond to PPG's Counterclaims until after I rule on Carter's motion to dismiss.  (Doc. 92 ("Stay Motion").)  Snake Nation contends that it did not file a response to PPG's Counterclaims because "pursuant to Rule 12(a)(4), the time to serve a responsive pleading is stayed until '14 days after notice of the court's action[.]'  Moreover, it does not serve judicial economy for [Snake Nation] to file an answer to the Counterclaims and, if the Court denies the aforementioned Motion to Dismiss, to file another response as to Mr. Carter."  (*Id*. at 2 (quoting Fed. R. Civ. P. 12(a)(4)(A)).)  On that same date, PPG filed a letter response in opposition to Snake Nation's Stay Motion.  (Doc. 93.)  On November 4, 2025, the Clerk of Court issued the Certificate of Default against Snake Nation.  (Certificate of Default.)  On November 7, 2025, Snake Nation filed a letter motion seeking to vacate the Certificate of Default and seeking leave to file an answer to PPG's Counterclaims, including a proposed answer to the Counterclaims.

---

[4] I note that PPG filed the Proposed Clerk's Certificate of Default three times between October 31, 2025 and November 3, 2025, but the filings were rejected two times because of filing errors.  (*See* Docs. 90, 91, 94.)

(Doc. 98 ("Motion to Vacate").)

On November 10, 2025, PPG filed the Proposed OTSC for a Default Judgment on its Counterclaims, (*see* Doc. 99.[5]), along with a declaration in support of the Proposed OTSC and accompanying exhibits, (Doc. 100, Docs. 100-1–100-5), and a Proposed Default Judgment, (Doc. 101). On that same date, PPG filed a memorandum of law in opposition to the Motion to Vacate. (Doc. 103 ("Opp'n").) On November 13, 2025, Snake Nation filed a reply memorandum of law in support of the Motion to Vacate. (Doc. 105 ("Reply").)

## II.    Legal Standard

"Where, as here, the Clerk of Court has entered a Certificate of Default, but no default judgment has yet been entered, the Court decides a motion to vacate the entry of default pursuant to the 'good cause' standard under Fed. R. Civ. P. 55(c), which is more lenient than the standard to set aside a default judgment under Rule 60(b)." *Bizelia v. Clinton Towers Mgmt.*, No. 20-CV-8065, 2023 WL 8258884, at *1 (S.D.N.Y. Nov. 29, 2023); *see also Peterson v. Syracuse Police Dep't*, 467 F. App'x 31, 33 (2d Cir. 2012) (summary order) ("Rule 55(c) permits a party to be relieved of default 'for good cause,' whereas a default judgment may only be set aside in accordance with Rule 60(b)." (citing Fed. R. Civ. P. 55(c))). Although Rule 55(c) does not define "good cause," the Second Circuit has advised district courts to consider three criteria in deciding a motion to vacate a default judgment: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *accord Peterson*, 467 F. App'x at 33. Courts may also consider "whether the entry of default

---

[5] I note that PPG filed a Proposed Order to Show Cause on November 5, 2025, but the filing was rejected because of a filing error. (*See* Doc. 97.)

would bring about a harsh or unfair result." *Enron*, 10 F.3d at 96. The Second Circuit generally disfavors defaults and "has expressed on numerous occasions its preference that litigation disputes be resolved on the merits, not by default." *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995) (collecting cases); *Enron*, 10 F.3d at 95 (noting the Court's "oft-stated preference for resolving disputes on the merits"); *see also Brien v. Kullman Indus., Inc.*, 71 F.3d 1073, 1077 (2d Cir. 1995) (noting that there is a "limitation on the scope of the district court's discretion" because of the Second Circuit's "preference for resolving disputes on the merits"). Accordingly, in ruling on a motion to vacate a default judgment, "when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron*, 10 F.3d at 96; *see also New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) ("[I]n ruling on a motion to vacate a default judgment, all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits.").

### III.    Discussion

#### A.    *Local Rule 7.1*

As an initial matter, PPG contends that I should deny the Motion to Vacate for Snake Nation's failure to file a notice of motion, memorandum of law, and affidavit in accordance with Local Rule 7.1. (*See* Opp'n 1.) Local Civil Rule 7.1(a) provides that all motion papers, except for letter motions, permitted by Local Civ. R. 7.1(e), must include a notice of motion, memorandum of law, and supporting affidavit and exhibits thereto. Local Civ. R. 7.1(a). Local Civil Rule 7.1(e) provides that the only motions that can be brought by letter motion, unless otherwise authorized by a judge's individual practices or permitted by the Court, are "applications for extensions or adjournments, applications for pre-motion conference, and similar

6

no-dispositive matters." Local Civ. R. 7.1(e). Snake Nation's Motion to Vacate is a letter motion which does not include a notice of motion, memorandum of law, or affidavit, and is not one of the enumerated motions under Rule 7.1 permitted to be brought by letter motion. *See* Local Civ. R. 7.1(e). Although "[a] moving party's failure to comply with Local Rule 7.1 is sufficient grounds to deny a motion," *Anora v. Oasis Pro. Mgmt. Grp., Ltd.*, No. 19-CV-11732, 2023 WL 2307180, at *2 (S.D.N.Y. Mar. 1, 2023) (quoting *Anhui Konka Green Lighting Co., LTD. v. Green Logic LED Elec. Supply, Inc.*, No. 18-CV-12255, 2021 WL 621205, at *1 (S.D.N.Y. Feb. 17, 2021)), the Second Circuit has held that "[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules," *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001), *abrogated in part on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009). "It is the business of the district court to determine whether fairness demands that noncompliance be excused." *Wight v. BankAmerica Corp.*, 219 F.3d 79, 85–86 (2d Cir. 2000) (internal citations omitted).

Despite Snake Nation's failure to comply with Local Civ. R. 7.1, I exercise my discretion and adjudicate the Motion to Vacate on the merits because Snake Nation's letter motion adequately apprised PPG of the "applicable rules or statutes pursuant to which the motion is brought," "the relief sought by the motion," and "the cases and other authorities relied on in support of the motion." Local Civ. R. 7.1(a). *See Rhee v. SHVMS, LLC*, No. 21-CV-4283, 2023 WL 8889697, at *9 (S.D.N.Y. Dec. 26, 2023), *reconsideration denied*, 2024 WL 449289 (S.D.N.Y. Feb. 5, 2024) (not dismissing plaintiff's motion for prejudgment interest despite the "technical deficiencies" in the motion, including the failure to file a notice of motion and memorandum of law, because the motion "adequately apprised" the defendant of the basis of the motion); *Fiedler v. Incandela*, 222 F. Supp. 3d 141, 155 (E.D.N.Y. 2016) ("[A] motion need not

be denied for failure to serve a Notice of Motion so long as the parties are fairly and adequately apprised of the nature and basis of the application." (internal quotation marks omitted)).

Therefore, I do not dismiss Snake Nation's Motion to Vacate for failing to comply with Local Civ. R. 7.1.

### B.   *Default Judgment*

#### 1.   Willfulness

First, I evaluate whether Snake Nation's default was willful.  *See Enron*, 10 F.3d at 96. In the context of default judgment, willfulness refers to conduct that is "more than merely negligent or careless." *S.E.C. v. McNulty*, 137 F.3d 732, 738–39 (2d Cir. 1998) (affirming the district court's finding of willfulness where defendant failed to answer despite repeated warnings that the plaintiff would move for a default judgment).  In other words, willfulness is "egregious or deliberate conduct," such as where a defaulting defendant makes "a 'strategic decision to default.'"  *OEC Freight (NY) Inc. v. Stanley Furniture Co.*, No. 20-CV-9556, 2023 WL 3080775, at *3 (S.D.N.Y. Apr. 25, 2023) (quoting *Am. All. Ins., v. Eagle Ins.*, 92 F.3d 57, 60–61 (2d Cir. 1996)).  The inquiry for determining whether a defendant acted willfully focuses on what actions, if any, the defaulting party took "after it became aware of the existence of the litigation or entry of default."  *Haran v. Orange Bus. Servs. Inc.*, No. 21-CV-10585, 2022 WL 2306945, at *2 (S.D.N.Y. June 27, 2022) (quoting *In re FKF 3, LLC*, 501 B.R. 491, 502 (S.D.N.Y. 2013)). "Thus, even where notice was adequate and the defaulting party failed to rebut the presumption of receipt, if the party responded promptly after learning of the action, courts have found that the party's default was not willful."  *Id.* (quoting *In re FKF 3*, 501 B.R. at 502).

Here, I find that Snake Nation did not act willfully, and that its "quick actions upon [its] receipt of the notice of default judgment is a key indicator that [its] default was not willful."

8

*OEC Freight (NY) Inc.*, 2023 WL 3080775, at *3.  The Second Circuit has found that a defendant's prompt application for a motion to set aside an entry of default suggests that the default was not willful.  *See Enron*, 10 F.3d at 98.  Snake Nation filed the Stay Motion three days after PPG filed the Proposed Clerk's Certificate of Default (which was initially rejected because of filing errors, *see supra* n.4), and filed the Motion to Vacate, along with a proposed answer to the Counterclaims, only three days after the Certificate of Default was issued.  Counsel for Snake Nation and Carter also called Defendants' counsel "[t]he day after the default was entered" to attempt to agree on a date for Snake Nation to file its answer to the Counterclaims if PPG would agree to vacate the Certificate of Default, but Defendants were "not willing to agree to more time."  (Motion to Vacate 2; Doc. 98-2 (Nov. 5, 2025 email between counsel for Defendants and counsel for Snake Nation and Carter).)  Snake Nation's prompt response after becoming aware of PPG's attempt to seek default against it suggests that Snake Nation did not act willfully in defaulting, but rather fully intended on defending itself in this suit.  *See Johnson v. New York Univ.*, 324 F.R.D. 65, 70 (S.D.N.Y. 2018), *aff'd*, 800 F. App'x 18 (2d Cir. 2020) (summary order) ("Here, a mere two business days after the Clerk entered the defaults, the Moving Defendants sought to vacate them.  This prompt response and attempt to remedy the defaults reflects that had the Moving Defendants been aware of their obligation . . . then they would have filed timely answers, and thus did not act willfully in failing to do so." (internal citations omitted)).  Moreover, Snake Nation attached a proposed answer to the Counterclaims, (Doc. 98-1), which evinces an intent to participate in the lawsuit.

PPG argues in its opposition letter that Snake Nation "willfully failed to file its response to the PPG's Counterclaim" because it did not "respond to PPG's Counterclaim on the date it specifically requested and [I] provided," and instead "moved to stay its response rel[ying] on an

illogical reading of Rule 12—that Carter's filing of a Rule 12 motion somehow excuses Snake Nation's duty to respond to the counterclaim—for which Snake Nation cites no authority," and the Stay Motion "failed to explain why it did not inform [me] of its legal theory when it requested the extension of time to respond that the Court granted."[6]  (Opp'n 1–2.)  However, as noted above, whether Snake Nation acted willfully focuses on what actions, if any, it took "after it became aware of the existence of the litigation or entry of default."  *Haran*, 2022 WL 2306945, at *2.  Moreover, I credit Snake Nation's proffered reasons for their failure to timely respond and find that PPG's "incorrect assumptions about court processes and the obligation to respond to an action [] support a showing that [Snake Nation's] default was not willful."  *Hong v. Mommy's Jamaican Mkt. Corp.*, No. 20-CV-9612, 2021 WL 6064101, at *3 (S.D.N.Y. Dec. 22, 2021).  In fact, the law is clear that "even gross negligence does not lead to a finding of willfulness," and Snake Nation's incorrect assumptions about Rule 12 and judicial economy do not reflect a deliberate attempt to avoid this action.  *See Fischer v. Forrest*, No. 14-CV-1307, 2014 WL 2717937, at *3 (S.D.N.Y. June 16, 2014).  As Snake Nation explains in its reply in support of the Motion to Vacate, "a mere three days elapsed between the issuance of the Certificate of Default . . . and the application to vacate, which included the proposed Answer to the Counterclaim."  (Reply 2.)  I find that Snake Nation's actions, taken within three days of becoming aware of the Certificate of Default, do not meet the willfulness standard and contradict PPG's assertion that the default was willful.  *See Goo v. Hand Hosp. LLC*, No. 23-CV-8235, 2025 WL 357745, at *2 (S.D.N.Y. Jan. 31, 2025) ("Counsel for Defendants state that as soon as

---

[6] Although Snake Nation initially filed the Stay Motion, which sought to stay its time to respond to the Counterclaims, alleging that "it does not serve judicial economy for [Snake Nation] to file an answer to the Counterclaim and, if the Court denies the aforementioned Motion to Dismiss, to file another response as to Mr. Carter," (Stay Motion 2), it filed the Motion to Vacate along with a proposed answer to the Counterclaims four days later, (*see generally* Motion to Vacate).

they became aware of the situation, they took immediate steps to address it. Defendants taking action as soon as they became aware of the entry of default does not meet the willfulness standard." (alterations adopted and internal citations omitted)).

Thus, I do not find that Snake Nation acted willfully.

## 2.  Prejudice

Next, I consider the level of prejudice that Plaintiff may suffer if I were to grant the Motion to Vacate. *See Enron*, 10 F.3d at 96. "Because relief from a default entry essentially is a matter of fairness and judicial discretion, the single most persuasive reason for denying a Rule 55(c) motion is prejudice to the non-defaulting party caused by reopening the action." *Select Harvest USA LLC v. Indian Overseas Bank*, No. 22-CV-3931, 2023 WL 2664079, at *12 (S.D.N.Y. Mar. 28, 2023) (alterations adopted) (quoting 10A C. A. Wright & A. Miller, Federal Prac. & Proc. Civ.§ 2699 (4th ed. 2023)). Delay alone does not establish the prejudice required to defeat a motion to vacate a default. *Johnson*, 324 F.R.D. at 71 (citing *Enron*, 10 F.3d at 98). "Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id*. (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)).

Vacating the entry of the Certificate of Default against Snake Nation would not prejudice Plaintiff. PPG argues in its opposition letter that vacating the Certificate of Default will prejudice PPG because Snake Nation "waited until the proverbial last minute to commence this action on October 22, 2022, as the action concerns transactions and events that occurred as early as 2017, and a contract that PPG terminated in February 2019," "Snake Nation has now wasted another nine months in securing counsel and seeks to waste additional time in delaying its answer to the counterclaims until an unrelated motion to dismiss is decided," Carter "filed a

11

frivolous motion to dismiss for insufficient service and by all appearances seems intent on disappearing," and "numerous of [Snake Nation's] witnesses are now scattered across the Globe including Ouaadougou, Johannesburg and Sri Lanka." (Opp'n 2.)  First, Snake Nation's delay in securing counsel or filing its answer is insufficient to establish any cognizable prejudice at this stage of the case, especially because Snake Nation included a proposed answer to the Counterclaims.  (Doc. 98-1.)  Moreover, the additional prejudice that PPG claims—that Carter "seems intent on disappearing" and that Snake Nation's witnesses are "scattered across the Globe," (Opp'n 2), which Defendants have been aware of for over two years, since Snake Nation served its Rule 26 Disclosures on July 10, 2023, and Defendants sought to stay discovery, (*see* Docs. 29, 29-1, 29-2)—is conclusory, similarly insufficient to establish any cognizable prejudice at this stage, and is greatly outweighed by the Second Circuit's strong preference for resolving disputes on the merits.  *See Enron*, 10 F.3d at 95.

This case has been pending for over three and a half years, but the parties have seemingly engaged in limited discovery.  (*See generally* Doc. 107-1 (memorandum in support of Planned Parenthood Federation of America, Inc. and PPG's motion to dismiss the complaint for failure to prosecute and for failure to participate in discovery).)  The Fourth Amended Case Management Plan and Scheduling Order set the close of fact discovery to April 11, 2025 and the close of all discovery to June 13, 2025.  (Doc. 49 ¶¶ 7, 10.)  Following the withdrawal of Plaintiff's counsel, I stayed all deadlines in the matter five times from March 19, 2025 to October 6, 2025.  (*See* Docs. 71, 74, 77, 79, 82.)  Neither party subsequently requested to extend the discovery deadlines or filed a proposed Fifth Amended Case Management Plan and Scheduling Order. Thus, while we are not necessarily in the beginning of the case in terms of the length of time that has elapsed since the case was initiated, the progression of discovery in this case certainly

appears to be in its early stage.

Although the discovery deadlines have since passed, I will give the parties an opportunity to propose a Fifth Amended Case Management Plan and Scheduling Order if they desire to conduct further discovery now that new counsel has appeared for Plaintiff.  This seems appropriate since it appears that the parties jointly desire further discovery.  (*See* Docs. 107-6, 107-7, 107-8, 107-9, 107-10.)

Thus, "[v]acating the entry of the Certificate[] of Default in this case would not unduly prejudice [PPG]" because "discovery can proceed without any substantial disruption."  *Goo*, 2025 WL 357745, at *2 (internal quotation marks omitted); *see also Kenyatta v. Combs*, No. 24-CV-6923, 2024 WL 4859028, at *2 (S.D.N.Y. Nov. 21, 2024) (finding that plaintiff did not suffer prejudice where the delay was so brief that a certificate of default was issued only "five days after the plaintiff contends a response to the Complaint was due" and defendant moved to vacate the certificate one day after it was issued).  Indeed, "there is no demonstrated risk of making discovery more difficult or laborious, causing duplicate work, or otherwise prejudicing" PPG.  *Goo*, 2025 WL 357745, at *2.  "In sum, [PPG] will be in precisely the situation [it] would have been in had [Snake Nation] timely answered [the Counterclaims], albeit with a delay." *Carrasco v. Acropol Rest. Corp.*, No. 18-CV-7883, 2019 WL 2325556, at *3 (S.D.N.Y. May 31, 2019).

Thus, I find that there is no prejudice that would favor maintaining the Certificate of Default.

### 3.  Meritorious Defense

Finally, I consider whether Snake Nation proffered "a meritorious defense."  *See Enron*, 10 F.3d at 96.  To make a sufficient showing of a meritorious defense, a defendant "need not

establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 167 (2d Cir. 2004) (quoting *McNulty*, 137 F.3d at 740).

Here, Snake Nation merely claims that it "demonstrated a meritorious defense" because it "brought this lawsuit due to PPG's failure to pay it in full pursuant to a Master Services Agreement." (Motion to Vacate 3.)  In other words, Snake Nation alleges that while PPG contends that Snake Nation did not satisfy its contractual obligations, it was Defendants who "terminated the [Master Services Agreement] without paying [Snake Nation] for its work . . . [and] harmed [Snake Nation's] business reputation." (Reply 3.)  I also note that Snake Nation's proposed answer includes a number of affirmative defenses.  (Doc. 98-1 at 10–11).  Nonetheless, Snake Nation's Motion to Vacate and Reply fail to "present more than conclusory denials when attempting to show the existence of a meritorious defense." *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 173 (2d Cir. 2001).  I therefore find that Snake Nation fails to present a meritorious defense.

Despite Snake Nation's failure to present a meritorious defense, I give weight to the Second Circuit's "preference that litigation disputes be resolved on the merits, not by default." *Cody*, 59 F.3d at 15.  Accordingly, after balancing the Rule 55(c) factors, I find that Snake Nation has established good cause to set aside the Certificate of Default.

## IV.    Conclusion

For these reasons, Snake Nation's letter motion to vacate the Certificate of Default and leave to file an answer, (Doc. 98), is GRANTED.  Additionally, Snake Nation's Stay Motion, (Doc. 92), and PPG's Proposed OTSC, (Doc. 99), are DENIED as moot.

Snake Nation shall file the proposed answer to the Counterclaims, which it attached to

the Motion to Vacate, by **May 26, 2026**.

If they desire, the parties shall also file a motion to reopen discovery  and file a proposed

Fifth Amended Case Management Plan and Scheduling Order by **June 2, 2026**.  If the parties

choose not to file a proposed Fifth Amended Case Management Plan and Scheduling Order, they

should provide a joint status letter setting forth their positions concerning what the next steps for

the case should be by **June 2, 2026**.

The Clerk of Court is respectfully directed to vacate the Certificate of Default at Doc. 96

and terminate the motions pending at Docs. 92 and 98.

SO ORDERED.

  Dated:     May 18, 2026
                New York, New York

Vernon S. Broderick
United States District Judge